IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT P. KENIA, JR., | : | CIVIL NO. 4:07-CV-1067 |
| Plaintiff, | : | (Judge Jones) |
| v. | : | (Magistrate Judge Mannion) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, MARIELLEN SOKOLAS, RICHARD FISHER, JOSEPH HANZOOK, KAREN MAZICK, and MARILYN WOELFL, | : | |
| Defendants. | : | |

**MEMORANDUM**

**January 25, 2008**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before this Court is a Motion to Remand to the Court of Common Pleas of Luzerne County ("the Motion"), filed by Plaintiff Robert P. Kenia, Jr. ("Plaintiff") on July 9, 2007. (Rec. Doc. 2). On September 27, 2007, the United States Magistrate Judge Malachy E. Mannion ("Magistrate Judge" or "Magistrate Judge Mannion") issued a Report recommending that Plaintiff's Motion be

1

granted. (Rec. Doc. 20). For the reasons that follow, we will adopt the learned Magistrate Judge's Report in its entirety, and, accordingly, grant the Motion.[1]

**PROCEDURAL HISTORY:**

On May 14, 2007, Plaintiff initiated the instant action by filing a Complaint in the Court of Common Pleas of Luzerne County. (See Rec. Doc. 1, Exhs. A, B). Therein, Plaintiff alleges that he was injured in a motor vehicle accident, and he names as Defendants Nationwide Mutual Insurance Company ("Nationwide"), an Ohio corporation with its principle place of business in Ohio, and several alleged claims representatives of Nationwide, all residents of Pennsylvania (collectively, "Defendants"). More specifically, the Complaint raises seven counts[2] against Defendants, all relating to the processing of Plaintiff's claim for underinsured motorist benefits. Id.

On June 12, 2007, Defendants filed a Notice of Removal, contending that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1).

---

[1] We are cognizant that oral argument was requested (doc. 21 at 1), but upon our review of the thorough and cogent submissions, we see no reason therefor.

[2] The seven counts follow: (I) breach of covenant of good faith and fair dealing; (II) breach of contract; (III) bad faith pursuant to 42 Pa. C.S.A. § 8371; (IV) breach of fiduciary duty; (V) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1, et seq.; (VI) negligence; and (VII) vicarious liability. Counts II, III, and VII are against Nationwide only. The remainder name all Defendants.

Subsequently, Plaintiff filed the instant Motion to Remand (doc. 2), as well as a supporting brief (doc. 3). Following full briefing on the Motion (see docs. 8, 15), Magistrate Judge Mannion issued a Report and Recommendation thereon on September 27, 2007. (Rec. Doc. 20). The Report recommends that Plaintiff's Motion be granted as the Complaint states colorable claims against the non-diverse Defendants, and, therefore, complete diversity jurisdiction does not exist. Defendants' Objections to Magistrate Judge Mannion's Report, and a Brief in Support thereof, were filed on October 3, 2007. (Rec. Doc. 21). On October 15, 2007, Plaintiff filed a submission (doc. 24) opposing Defendants' Objections, and on October 17, 2007, Defendants filed a reply brief (doc. 26) in support of their Objections. Accordingly, this matter is ripe for our disposition.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to

3

permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id.  See also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**DISCUSSION**:

As the Magistrate Judge notes, and the parties recognize, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) Citizens of different States . . . ." 28 U.S.C. § 1332(a).  Moreover, actions begun in a state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action in pending." 28 U.S.C. § 1441(a).  In the absence of a federal question, removal is limited to those cases in which "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  The defendant "bears the burden of proving that jurisdiction exists." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

If a non-diverse party has been joined as a defendant, a "removing defendant may avoid remand only by demonstrating that the non-diverse party was

fraudulently joined." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Joinder is fraudulent if there is no "reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Abels v. State Farm Fire and Cas. Co., 770 F.2d. 26, 32 (3d Cir. 1985). However, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand to the state court." Batoff, 977 F.2d at 851 (citations omitted). In evaluating whether the defendants were fraudulently joined, the court must accept the factual allegations of the complaint and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. (quoting Boyer, 913 F.2d at 111).

In support of remand, Plaintiff alleges that counts I, IV, V, and VI present colorable claims against all Defendants, including the non-diverse Nationwide claims representatives, and that all were properly named in the action. (Rec. Docs. 2, 3). In opposition to remand, Defendants argue that Plaintiff has fraudulently joined the non-diverse Defendants so as to defeat federal diversity jurisdiction. (Rec. Doc. 21). More specifically, in their Objections to the Report, Defendants disagree with the Report's conclusion that Plaintiff has alleged a colorable claim

under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 201-1, et seq. Id.

Upon our review of the Report and all associated filings, we conclude that, as ably analyzed by the Magisistrate Judge, Defendants have not satisfied their "heavy burden" of showing that any Defendants were fraudulently joined. Batoff, 977 F.2d at 851 (citations omitted). Without addressing the merits of any claim, we find that Plaintiff's Complaint advances at least one claim that is not "wholly insubstantial or frivolous," that is, the allegation that the insurance adjuster employees violated the UTPCPL.

The UTPCL prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. Stat. Ann. § 201-3 (emphasis added). In fact, the statute lists more than twenty-one examples of deceptive acts or practices. 73 Pa. Stat. Ann. § 201-4. Plaintiff's Complaint alleges two such examples: "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . ." and "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." (Rec. Doc. 1, Exh. A, ¶ 136). Notably, as the Magistrate Judge indicated, Plaintiff also alleges specific instances of the non-

diverse, adjuster Defendants engaging in such unfair or deceptive practices.  (See Rec. Doc. 1, Exh. A, ¶ 138).

In their Objections to the Report, Defendants contend that Count V is not colorable under the UTPCPL for at least two reasons.  (See Rec. Doc. 21).  First, Defendants maintain that the statute applies only to "conduct related to the sale of goods or services."  (Rec. Doc. 21 at 4).  Defendants claim application of the UTPCPL is limited to "sellers," rendering insurance adjusters outside the meaning of the statute.  Id.  Second, Defendants rely on a Pennsylvania case that held that "justifiable reliance" is an element of a UTPCPL claim.  (Rec. Doc. 21 at 5 (citing Toy v. Metropolitan Life Ins. Co., 928 A.2d 186 (Pa. 2007)).  In sum, according to Defendants, because Plaintiff alleged neither the existence of a contractual relationship between himself and the adjuster Defendants nor his detrimental reliance on the adjusters' misrepresentations, the claims against the adjuster Defendants are not colorable under the UTPCPL.  (Rec. Doc. 21 at 13).

Neither of the aforementioned arguments are persuasive.  Indeed, contrary to Defendants' claims that an action must be brought against a "seller" to be colorable under the UTPCPL, this Court has found colorable causes of action against non-seller defendants.  In fact, this Court has found a colorable UTPCPL claim against insurance adjusters.  Schenck v. Cont'l Ins. Co., No. 06-cv-1231 (M.D. Pa. 2002)

(Jones, J.). Accordingly, we accept the Magistrate's determination that Toy does not control as the case did not limit the scope of defendants to which a UTPCPL claim is applicable. Further, determining whether Plaintiff justifiably relied on the allegedly deceptive conduct would reach beyond our task here: evaluating subject matter jurisdiction. This Court cannot decide the merits of the claim until it determines subject matter jurisdiction exists because "without jurisdiction the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

In short, because Plaintiff has stated at least one claim that is not "wholly insubstantial or frivolous" against a non-diverse defendant, this Court does not retain diversity jurisdiction over the action and cannot determine whether Plaintiff satisfied the elements of the UTPCPL claim. Accordingly, we agree with Magistrate Judge Mannion's conclusion that this Court does not have subject matter jurisdiction over this action, and we will adopt the Report in its entirety. Plaintiff's Motion to Remand shall be granted, and the case sub judice will be remanded to the Court of Common Pleas of Luzerne County.

An appropriate Order shall issue on today's date.